Filed 6/16/23  P. v. Perez CA2/4
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B324434 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA358075) |
| v. | |
| ARTHUR PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Dismissed.

Richard B. Lennon and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Arthur Perez appeals the order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2] We dismiss the appeal as abandoned.

## BACKGROUND

In June 2009, Richard Rios got into an argument with a man who was smoking marijuana in his apartment complex. During the confrontation, the man shot Rios. Police detained several men in a nearby building, including Perez. Rios and another witness later identified Perez as the shooter.

In April 2011, a jury convicted Perez of attempted premeditated willful and deliberate murder (§§ 664/187, subd. (a)). The jury found true allegations that in the commission of the offense he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and that he had personally used a firearm (§ 12022.53, subds. (b)-(d)). The trial court imposed a sentence of life imprisonment for the attempted murder conviction and an additional sentence of 25 years to life for an enhancement of personal gun use resulting in great bodily injury (§ 12022.53, subd. (d)).[3]

On appeal, this court affirmed the judgment. (*People v. Perez* (Jan. 29, 2013, B233296) [nonpub. opn.].)

On March 22, 2022, Perez filed, in pro. per., a petition for resentencing pursuant to section 1172.6. Among other allegations, Perez alleged that he

---

[1]    All statutory references are to the Penal Code unless otherwise stated.

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For ease of reference, we will refer to the section by its new numbering only.

[3]    The court imposed and stayed punishment on the remaining enhancements.

"could not presently be convicted of . . . attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." Perez requested appointed counsel.

The trial court appointed counsel. The People filed a response and counsel for Perez filed a reply. On August 2, 2022, the court denied the petition, finding that Perez failed to make a prima facie case for relief. The court reasoned that the jury had found Perez was the actual shooter. The jury was also not instructed on the felony murder rule or the natural and probable consequences doctrine.

Defendant timely filed a notice of appeal.

## DISCUSSION

We appointed counsel to represent Perez on appeal. After examination of the record, his attorney filed an opening brief raising no issues and asking this court to independently review the record. Our Supreme Court has established a procedural framework to follow when appointed counsel finds no arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*).) Under that framework, we gave notice to Perez that he had the right to file a supplemental letter or brief, or his appeal could be dismissed.

If the defendant responds to the notice, the court is required to evaluate the arguments raised in the supplemental brief or letter and must issue a written opinion. (*Delgadillo, supra,* 14 Cal.5th at p. 232.) If the defendant does not respond to the court's notice, then the court may exercise its discretion to dismiss the appeal as abandoned. (*Ibid.*) If it chooses to dismiss, it may do so with or without a written opinion. (*Ibid.*)

Perez was notified of the court's policy and did not file a supplemental letter or brief.

In accordance with the procedures articulated above, we dismiss the appeal as abandoned. And even if we were to look at the merits, the trial court's order is indisputably correct because Perez is statutorily ineligible for relief. Under the ordinary principles governing statutory interpretation, a petitioner is eligible for relief under section 1172.6 if he could not be convicted at present because of changes to the law made by Senate Bill No. 1437 (2017-2018 Reg. Sess.). (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Here, the jury found Perez was the actual shooter.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.*

We concur:

CURREY, Acting P. J.

COLLINS, J.

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.